# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEDRA WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC, DIAMARA DESOUZA, and DOES 1-50,<br><br>　　　　Defendants. | Case No.: CV 20-03133-CJC(KSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 8]** |

## I. INTRODUCTION

　　Plaintiff Diedra Washington filed this employment discrimination and wrongful termination action against Defendants Mercedes-Benz USA, LLC ("Mercedes"), Diamara Desouza, and unnamed Does in Los Angeles County Superior Court.  (Dkt. 1-1 [Complaint, hereinafter "Compl."].)  Mercedes removed to this Court.  (Dkt. 1 [Notice of

Removal, hereinafter "NOR"].) Now before the Court is Plaintiff's motion to remand. (Dkt. 8 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

This case arises from Plaintiff's employment in Mercedes's marketing department in Long Beach, California. (Compl. ¶ 10; Mot. at 7.) Desouza was Plaintiff's direct supervisor. (Compl. ¶ 3.) Around January 2017, Plaintiff became pregnant. (*Id.* ¶ 11.) She alleges that Defendants repeatedly denied her lactation accommodations required by California law and forced her to lactate in her car and in bathrooms. (*Id.* ¶¶ 11–13, 18–22, 27.) Plaintiff also alleges that she was forced to cancel medical appointments and was disciplined for scheduling medical appointments during work hours. (*Id.* ¶¶ 14–16.) Desouza allegedly berated Plaintiff for requesting lactation accommodations and retaliated against her by restricting opportunities for bonuses and putting her on a 30-day performance plan. (*Id.* ¶¶ 23–26.) Plaintiff claims that she was ultimately forced to resign because of this mistreatment. (*Id.* ¶ 28.)

On March 2, 2020, Plaintiff filed this action in Los Angeles County Superior Court. (*See id.*) She asserts twelve state law claims for violations of California's Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.*, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, constructive termination, and failure to provide meal and rest breaks. (*See id.*) Plaintiff served Mercedes on March 4, 2020. (Dkt. 1-2.) To date, Plaintiff has not served Desouza, but is attempting to do so. (*See* Mot. at 7.) On April 3, 2020, Mercedes removed to this court, invoking diversity jurisdiction. (NOR.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 8, 2020, at 1:30 p.m. is hereby vacated and off calendar.

**III.  LEGAL STANDARD**

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over it.  28 U.S.C. § 1441.  Federal courts have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The party removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**IV.  DISCUSSION**

The parties dispute whether there is complete diversity and whether the amount in controversy requirement has been met.  Because the Court finds that Mercedes has not satisfied its burden of establishing diversity of citizenship, it need not address whether the amount in controversy is satisfied.

Federal courts only have diversity jurisdiction over a matter if the parties are completely diverse.  28 U.S.C. § 1332(a).  For the purposes of diversity jurisdiction, Plaintiff is a California citizen.  (Compl. ¶ 1.)  Mercedes is a Limited Liability Company organized under the laws of the state of Delaware.  (Dkt. 1-8 [Declaration of Cynthia

Gore, hereinafter "Gore Decl."] ¶ 3, Ex. 1.)[2]  It asserts that it has only one member—Daimler North America Corporation—a Delaware corporation with its principal place of business in Michigan.  (NOR ¶ 8.)  In her Complaint, Plaintiff alleges that Defendant Desouza is a California citizen and resident.  (Compl. ¶ 3.)  Thus, unless Mercedes can establish that Desouza is not a California citizen, her presence destroys complete diversity.  *See* 28 U.S.C. § 1332(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Mercedes has not carried this burden.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  And alleging diversity of citizenship upon "information and belief" cannot support removal.  *See Balandra v. Kindred Healthcare Operating, Inc.*, 2016 WL 6953430, at *1 (C.D. Cal. Jan. 12, 2016); *Trampolines Unlimited, Inc. v. Epic Air, LLC*, 2012 WL 12953406, at *1 (C.D. Cal. May 3, 2012); *Rohr v. Target Corp.*, 2009 WL 10672156, at *3 (C.D. Cal. Jan. 13, 2009) ("[T]he allegations of the petition for removal are jurisdictional, and they must be positive and certain, because the court cannot well proceed to take jurisdiction of a case and try the same as long as there is any doubt upon the question of jurisdiction.") *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).[3]

---

[2] Plaintiff alleges that Mercedes is a California LLC, (Compl. ¶ 2; Mot. at 15), but the evidence in the record shows that it is a Delaware LLC authorized to do business in California, (*see* Gore Decl.).  The Court also takes judicial notice of the California Secretary of State's records for Mercedes (Business Entity No. 200015210035), which reflect this designation.  *See* Fed. R. Evid. 201(b) (authorizing courts to take judicial notice of facts that are "not subject to reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Interstate Natural Gas Co. v. So. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (taking judicial notice of records and reports of administrating bodies).

[3] Mercedes cites *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014), for the proposition that it is "permitted to plead allegations of citizenship on the basis of information and belief."  (Dkt. 12 [Opposition] at 3.)  However, in *Carolina Casualty*, the Ninth Circuit reiterated that this is only appropriate under "unusual circumstances." 741 F.3d at 1087 (quoting

In its notice of removal and opposition to the instant motion, Mercedes asserts "on information and belief" that Defendant Desouza is resident and citizen of Georgia. (Dkt. 12-2 [Supplemental Declaration of Cynthia Gore, hereinafter "Gore Supp. Decl."] ¶ 4; *see also* NOR ¶ 9.)  This qualified assertion is insufficient.  As explained above, absent "unusual circumstances," a party invoking diversity jurisdiction must affirmatively allege the actual citizenship of the parties.  *See Kanter*, 265 F.3d at 857.  Mercedes has not identified any unusual circumstances here, and, given the presumption against removal jurisdiction, the Court cannot accept Mercedes's allegations against Plaintiff's. *See Rohr*, 2009 WL 10672156, at *3 (citing *Gaus*, 980 F.2d at 566).  If Mercedes is unable to positively allege Desouza's citizenship, it should have delayed removal until it determined that she was not a California citizen.  *See id.* at *3, n.2; 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

In support of removal, Mercedes submits two declarations from Cynthia Gore, its Department Manager of Human Resources Operations.  These declarations set out the basis for Mercedes's "information and belief" regarding Desouza's citizenship. According to Ms. Gore, Mercedes "last employed [Desouza] on July 9, 2019," and "[a]t that time, Ms. Desouza worked out of [Mercedes's] Georgia office and was domiciled in the state of Georgia."  (Gore Supp. Decl. ¶ 3.)  As an initial matter, the Court notes that Ms. Gore's declaration appears to rely on employment records that Mercedes has not submitted to the Court.  (*See id.*; *see also* Gore Decl. ¶ 5 ["Given my position at [Mercedes], I have access to and personal knowledge of the employment records of Defendant Diamara Desouza.  Ms. Desouza worked with [Mercedes] in Atlanta,

---

*Kanter*, 265 F.3d at 857).  Moreover, the Plaintiff in *Carolina Casualty* initiated the action in federal court, so the case did not implicate the presumption against removal jurisdiction.  *See id.*

Georgia."].) Testimony describing the contents of regularly kept records is generally inadmissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 801–05. In any event, Mercedes has not presented any evidence regarding Desouza's citizenship at the time the Complaint was filed or at the time of removal—the relevant inquiries for this motion. *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (explaining that complete diversity must exist at the time the complaint is filed and at the time of removal). Instead, Ms. Gore can only declare "[o]n information and belief" that Desouza is currently a resident and citizen of Georgia. (Gore Supp. Decl. ¶ 4.) The Court finds this insufficient to support removal. Accordingly, it lacks subject matter jurisdiction over this case, and Plaintiff's motion to remand is **GRANTED**.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court.

DATED: June 3, 2020

_____

CORMAC J. CARNEY

CHIEF UNITED STATES DISTRICT JUDGE